Taylor-FR v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-006-CR

     FRENANDO RAY TAYLOR,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 13,246
                                                                                                    

O P I N I O N
                                                                                                    

      Frenando Taylor appeals from a conviction for aggravated assault on a correctional officer.


 
Tex. Penal Code Ann. § 22.02 (Vernon 1994). He complains on appeal that the evidence is
insufficient to support his conviction and that the indictment was not returned by a lawfully chosen
and empaneled grand jury. 
SUFFICIENCY OF THE EVIDENCE
      In reviewing the sufficiency of the evidence to support a conviction, we must view the
evidence in the light most favorable to the verdict to determine whether any rational trier of fact
could have found the essential elements of an offense beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). The Jackson
standard, applied to Taylor's claim of self-defense, requires that we determine whether the State
refuted the claim beyond a reasonable doubt. Moody v. State, 830 S.W.2d 698, 704 (Tex.
App.—Houston [1st Dist.] 1992, pet. ref'd). The jury is entitled to determine the credibility of
witnesses and can choose to believe all, some, or none of the testimony presented by the parties. 
Chambers v. State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). 
      Taylor and Jeffery Walters, the correctional officer, present two different stories about what
started the altercation between them. Taylor admits that he hit Walters and that Walters suffered
bodily injury, but he claims that he walked up to Walters to ask for his name, with the intention
of filing a "grievance of official misconduct" on Walters for his behavior with another inmate. 
Taylor asserts that Walters started the altercation, that he acted in self-defense, and therefore, a
jury could not have found the elements of the offense beyond a reasonable doubt. 
      However, Jeffery Walters testified that he had gone to notify an inmate of an appointment at
the law library when he overheard Taylor saying that the guards should not be allowed to put their
hands on inmates; Walters said that Taylor was trying to get the other inmates to "go along with
him and write [them] up for doing as such." He testified that he was escorting an inmate toward
the section door and waiting for the officer in the control tower to open it when Taylor grabbed
his jacket and pulled it open. Walters said that he did not say anything to Taylor before Taylor
grabbed him. Although Walters raised his forearm, he claimed he did not strike Taylor with his
fist, but tried to push him back to create some distance between them. At that time, Walters said,
Taylor struck him in the face with his fist.
      An instruction on self-defense was given to the jury in the charge. The jury was given the
opportunity to find that Taylor acted in self-defense, but it declined to do so. In viewing the
evidence in the light most favorable to the verdict, and giving deference to the fact-finder's right
to judge the witnesses' credibility, we hold that a rational trier of fact could have found beyond
a reasonable doubt: (1) the essential elements of aggravated assault and (2) that the State refuted
Taylor's self-defense claim. Id.; Jackson, 443 U.S. at 319, 99 S.Ct. at 2789; Moody, 830 S.W.2d
at 704. We overrule the first point. 
THE GRAND JURY'S INDICTMENT
      Taylor claimed the indictment should be set aside because it was returned by a grand jury that
was not lawfully chosen and impanelled. He alleges that the foreman of the grand jury was an
individual named Bob Stice and that he is related to John E. Stice, the Deputy Director of the
Texas Department of Criminal Justice, Institutional Division, who rendered the decision in the
grievance Taylor filed. Taylor's motion to challenge the array was denied. 
      The State contends that Taylor is mistaken about the name of the grand jury's foreman and
asserts that the foreman's name is Bob Stevens. Furthermore, even if the allegations are true, the
State argues, Taylor's complaint was untimely and is not a recognized challenge to a grand jury
member. Tex. Code Crim. Proc. Ann. arts. 19.27, 19.31 (Vernon 1977).
      The indictment is included in the transcript on appeal. Although it was signed by the
"Foreman of the Grand Jury," and his first name is "Bob," his last name is illegible. There is no
other evidence in the record of the foreman's name, and there is no other evidence that the
foreman of the jury is related to John E. Stice, the agency's deputy director. Taylor has failed to
produce a record on appeal sufficient to demonstrate error. Tex. R. App. P. 50(d).
      Finally, Taylor argues that the indictment was obtained through perjured testimony. See Tex.
Penal Code Ann. § 37.02 (Vernon 1994). He relates a portion of Walters' testimony in this
criminal trial and a portion of his testimony in Taylor's civil action (a 42 U.S.C. § 1983 claim). 
However, Taylor did not provide the testimony given to the grand jury, upon which it relied in
returning the indictment, or the testimony at the civil trial. Again, Taylor has failed to produce
a record on appeal sufficient to show error. Tex. R. App. P. 50(d). Point two is overruled. The
judgment is affirmed. 
 
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed December 19, 1995
Do not publish